UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

PUEBLO OF SANTA ANA, and
TAMAYA ENTERPRISES, INC.,

    Plaintiffs,

v.

No. CIV. _____

HONORABLE NAN G. NASH, District
Judge, New Mexico Second Judicial District,
Division XVII, in her Individual and Official
Capacities; GINA MENDOZA, as Personal Representative
Under the Wrongful Death Act of Michael Mendoza,
Deceased; F. MICHAEL HART, as Personal
Representative Under the Wrongful Death Act of
Desiree Mendoza, Deceased; and DOMINIC
MONTOYA,

    Defendants.

## COMPLAINT

Plaintiffs Pueblo of Santa Ana and Tamaya Enterprises, Inc. ("TEI"), for their complaint against the Defendants allege as follows:

### INTRODUCTION

This is an action for injunctive and declaratory relief by which Plaintiffs seek, pursuant to 42 U.S.C. § 1983 (TEI), and 28 U.S.C. § 2201 (Santa Ana Pueblo), (1) an order prohibiting Defendant Judge Nan Nash from exercising jurisdiction over the case captioned *Gina Mendoza, Michael Hart, and Dominic Montoya, v. Tamaya Enterprises, Inc., d/b/a Santa Ana Star Casino,* CV 2007-005711; and (2) a declaration that the Indian Gaming Regulatory Act, 25 U.S.C. § 2701 *et seq.,* does not permit the shifting of jurisdiction from tribal courts to state courts over private

personal injury lawsuits brought against tribes or tribal entities with respect to claims arising within Indian country, and that thus the New Mexico state courts do not have jurisdiction over the Mendoza lawsuit.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this case under 28 U.S.C. §§ 1331 (federal question), 1362 (action brought by Indian tribe), and 28 U.S.C. § 1343 (protection of civil rights).

2. Venue is proper under 28 U.S.C. § 1391(b), inasmuch as all the actions from which the claims arise occurred or are occurring within the District of New Mexico.

## PARTIES

3. Plaintiff Pueblo of Santa Ana ("Pueblo") is a federally recognized Indian tribe located in Sandoval County, New Mexico.

4. Plaintiff TEI is a federally chartered corporation wholly owned by the Pueblo of Santa Ana, doing business on the Santa Ana Indian Reservation in the State of New Mexico.

5. Defendant Judge Nan Nash is a New Mexico state district court judge, sitting in Division XVII of the Second Judicial District (Bernalillo County), who is currently presiding over a civil lawsuit captioned *Mendoza, et al., v. Tamaya Enterprises, Inc., d/b/a Santa Ana Star Casino,* CV 2007-005711 (the "Mendoza lawsuit").

6. Defendants Gina Mendoza, F. Michael Hart and Dominic Montoya (the "Mendoza Plaintiffs") are the plaintiffs in the Mendoza lawsuit.

**STATEMENT OF FACTS**

7. TEI operates the Santa Ana Star Casino ("Star Casino"), located on Santa Ana Pueblo land, and thus within Santa Ana Indian country, under the terms of a class III gaming compact entered into between the Pueblo and the State of New Mexico (the "Compact") pursuant to the Indian Gaming Regulatory Act, 25 U.S.C. §§ 2701-2721 (1994) ("IGRA"), specifically § 2710(d), which Compact was approved by the Secretary of the Interior and at the time of the accident alleged by the Mendoza Plaintiffs was in effect. (Subsequently, in 2007, the Compact was amended, though in ways not material here.)

8. The Mendoza Plaintiffs allege that on the evening of July 9, 2006, Desiree Mendoza, Michael Mendoza, and Dominic Montoya were attending a wedding reception at the Star Casino, at which persons employed by TEI were serving alcoholic beverages to the guests. The Mendoza Plaintiffs further allege that TEI over-served alcoholic beverages to Desiree Mendoza and Michael Mendoza, resulting in a one-car accident in which Desiree and Michael were killed and Dominic Montoya was injured.

9. The Mendoza Plaintiffs filed the Mendoza Lawsuit against TEI pursuant to Section 8(A) of the Compact.

10. In Section 8(A) of the Compact, the Pueblo agreed to waive its sovereign immunity for personal injury claims alleged to have been proximately caused by the conduct of the Pueblo's Gaming Enterprise, brought by visitors to the casino, and agreed to proceed with such claims in binding arbitration or "in a court of competent jurisdiction." Section 8(A) provides, in part, that "any such claim [for personal injury] may be brought in state district court, including claims arising on tribal land, *unless it is finally determined by a state or federal court*

*that IGRA does not permit the shifting of jurisdiction over visitors' personal injury suits to state court.*" 2001 Compact, § 8(A) (emphasis added).

11. IGRA does allow the parties to a class III gaming compact to agree to apply "the criminal and civil laws and regulations of the . . . State that are directly related to, and necessary for, the licensing and regulation of [gaming]," and it further allows the parties to allocate "criminal and civil jurisdiction between the tribe and the state necessary for the enforcement of such laws and regulations." 25 U.S.C. § 2710(d)(3)(C)(i) and (ii).  There is no other language in IGRA permitting the shifting of jurisdiction between the tribe and the state, and in particular nowhere does IGRA permit the shifting of jurisdiction over private personal injury suits to state court.

12. Absent congressional legislation to the contrary, state courts may not exercise jurisdiction over suits against Indian tribes, tribal members or tribal entities arising from alleged wrongs committed within Indian country; nor may a tribe, whether unilaterally or by agreement with a state, validly agree to any such shift in jurisdiction, and the attempted exercise of such jurisdiction by state courts directly undermines "the authority of tribal courts over Reservation affairs," and thus infringes on "the right of [the Pueblo] to govern [itself]." *Williams v. Lee*, 358 U.S. 217, 223 (1959).

13. Accordingly, New Mexico state courts do not have subject matter jurisdiction over lawsuits against tribes or tribal entities that arise on tribal land, including the suit brought by the Mendoza Plaintiffs against TEI.

## COUNT I: VIOLATION OF CIVIL RIGHTS
**(Claim by TEI against Judge Nash)**

14. Judge Nash, in presiding over the *Mendoza* lawsuit, is acting under color of state law, and without jurisdiction over the subject matter of the lawsuit.

15. Judge Nash's actions in presiding over the *Mendoza* lawsuit have deprived TEI of its liberty interest secured by the due process clause of the 14th Amendment to the U.S. Constitution to have the *Mendoza* lawsuit tried in a court that has jurisdiction over the subject matter.

16. The deprivation of TEI's right to have its case heard in a court that has subject matter jurisdiction constitutes an injury for which injunctive relief is the only suitable remedy.

## COUNT II: DECLARATORY JUDGMENT
**(Claim by Santa Ana Pueblo against Judge Nash and the Mendoza Plaintiffs)**

17. Judge Nash, in presiding over the *Mendoza* lawsuit, and the Mendoza Plaintiffs, in pursuing their claims in state court, are infringing on the right of the Pueblo to exercise jurisdiction over reservation affairs through its tribal court.

18. Therefore, an actual and justiciable controversy exists between the Pueblo on one side and Judge Nash and the Mendoza Plaintiffs on the other.

WHEREFORE, Plaintiffs respectfully request that this Court issue an order:

A. Declaring that the Indian Gaming Regulatory Act does not permit the shifting of jurisdiction from tribal courts to state courts over personal injury lawsuits brought against tribes or tribal gaming enterprises, for alleged wrongs arising or occurring within Indian country, and that thus the New Mexico state courts do not have jurisdiction over lawsuits such as the Mendoza

Lawsuit;

      B.     Enjoining Defendant Nash from exercising jurisdiction over the Mendoza Lawsuit, and enjoining the Mendoza Plaintiffs from pursuing such claims in state court; and

      C.     Granting such other and further relief as the Court deems just and appropriate in the premises.

              Respectfully submitted,

              ROTHSTEIN, DONATELLI, HUGHES,
                DAHLSTROM, SCHOENBURG & BIENVENU, LLP

By:    /s/ Richard W. Hughes 10-26-2011
        Richard W. Hughes
        Donna M. Connolly
        P.O. Box 8180
        1215 Paseo De Peralta
        Santa Fe, NM 87504-8180
        (505) 988-8004
        *Attorneys for Plaintiff*